### WALTER COUSINS V. THE STATE.

#### No. 2772.   Decided March 16, 1904.

**1.—Occupation Tax—Indictment—Different Taxes.**

In an indictment for pursuing the occupation of selling without license medicated bitters, it should be alleged either that such occupation was followed in a local option territory, or out of it, as the facts require; the tax being different in amount in either contingency.

**2.—Same—Must Produce Intoxication.**

In an indictment for pursuing the occupation of selling without license medicated bitters, it should be alleged that such bitters was capable of producing intoxication.

**3.—Same—One Gallon the Standard.**

An indictment for pursuing the occupation of selling without license medicated bitters, which alleges that such bitters was sold in quantities of one quart and less than one quart, instead of one gallon or less than one gallon, or one gallon or more than one gallon is bad and charges no offense.

**4.—Same—Quart Not the Standard.**

There seems to be no law in this State limiting the right to pursue the business of selling intoxicating liquors without license in quantities of a quart or less, or a quart or more.

**5.—Same—Tax Different When Local Option.**

An indictment for pursuing the occupation of selling without license medicated bitters must allege that the business was carried on in a county, subdivision of a county, justice precinct, city or town where local option is in force, or is not in force, as the case may be; the tax being different in amount in either contingency.

**6.—Same—Other Intoxicants Not Alleged.**

It was error to permit proof of other intoxicants than medicated bitters as alleged.

Appeal from the County Court of Knox. Tried below before Hon. G. B. Landrum.

Appeal from a conviction of pursuing the occupation of selling medicated bitters without license; penalty, ten days confinement in the county jail.

No statement is necessary.

*Chas. E. Coombs* and *Glasgow & Keenan,* for appellant.—Everything

should be stated in an indictment which it is necessary to prove. It was necessary to prove that the medicated bitters which appellant was charged with selling were capable of producing intoxication, hence it was necessary to be stated in the indictment that such bitters were capable of producing intoxication. Art. 440, Code Crim. Proc.; Kerry v. State, 17 Texas Crim. App., 178; Johnson v. State, 1 Texas Crim. App., 146; Brown v. State, 26 Texas Crim. App., 540; Hamons v. State, 29 Texas Crim. App., 445.

If every allegation of the indictment may be taken as true and yet the defendant be guilty of no offense, then it is insufficient although in the very words of the statute. The indictment in this case charges the defendant engaged in the sale of medicated bitters. This is the language used in art. 411a. Taking this allegation to be true, still the defendant has committed no offense because the bitters taxed by art. 5060a, Revised Statutes, is medicated bitters capable of producing intoxication.

The law places a tax upon the occupation of selling medicated bitters capable of producing intoxication and the occupation of selling malt liquors exclusively, in both instances in quantities of one gallon and more than one gallon and in quantities of one gallon and less than one gallon; while the indictment charges in both the first and second counts that the defendant engaged in the occupation of selling such liquor in quantities of one quart and less than one quart. Rev. Stats., art. 5060a; dissenting opinion of Judge Davidson in Snearly v. State, 52 S. W. Rep., 547; Williamson v. State, 55 S. W. Rep., 568; Watson v. State, 57 S. W. Rep., 101.

The court erred in overruling defendant's motion in arrest of judgment upon that part of the second ground of said motion as follows: "That the substance of the indictment herein is insufficient upon which to base a conviction because it does not appear from the face of the same that an offense against the law was committed by the defendant;" for a reason not specially set up in said motion, but here assigned as a fundamental error, to wit, that said indictment wholly fails to allege whether the defendant pursued the occupation of selling medicated bitters in a county, subdivision of a county, justice precinct town or city in which local option is in force or one such locality where local option is not in force.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—As the indictment is attacked, we will set out the charging part, as follows: That Walter Cousins, * * * "did unlawfully engage in, pursue and follow the occupation of selling medicated bitters in quantities of one quart and less than one quart, the said occupation being taxable by law, without first obtaining license therefor, and the taxes then and there due by him to the said State

upon said occupation amounted to $300, and the taxes then and there due by him to said county amounted to $150, the said taxes due the said county having been theretofore duly levied by the commissioners court of said county," etc. The second count is not inserted because not submitted by the trial court. It charges selling exclusively malt liquors; the evidence showing that the compound sold was known as "Herbicura." Several grounds of objection are urged to the sufficiency of this pleading: First, the indictment fails to charge that the "medicated bitters was capable of producing intoxication;" second, it charges the selling in quantities of a quart and less than a quart, whereas the statute provides that the license shall be for selling one gallon and less than one gallon, and for selling a gallon and more than one gallon; and third, it fails to allege whether the sale occurred within or out of a local option territory. The statute of 1893 repealed all prior laws levying occupation taxes, and required the license for the sale of intoxicating liquors and medicated bitters or malt liquors. That act provided, as does the act of 1897, that any party who desired to engage in this business should first pay the State of Texas an annual tax of $300 on each separate establishment for selling such liquors or medicated bitters in quantities of one gallon or less than one gallon; and for selling such liquors or medicated bitters in quantities of one gallon and more than one gallon; and a much smaller tax upon selling malt liquors exclusively. See Acts 1893, p. 177; Acts of 1897, p. 223. The section levying this occupation tax is numbered article 5060a. The act of 1897 levies a tax of $300 on the sale of intoxicating liquors other than malt liquors, and malt liquors at $50, where the party engages in the business in a county, subdivision of a county, justice precinct, city or town, where local option is not in force; and in a county, subdivision of a county, justice precinct, town or city, where local option is in force, the tax is fixed at the sum of $200, without reference to whether it is malt, spirituous or vinous liquors. So it would seem by the terms of this act that the indictment or information must allege the fact that the business was carried on in a county, subdivision of a county, justice precinct, city or town where local option is not in force, or where it is in force, as the case may be. These provisions of the law were inserted in what is termed the enacting clause, and distinguishes the occupation in a local option territory from that which is not in local option territory. If as a matter of fact the local option law was in force in that particular county, subdivision, city or town where appellant was carrying on his business, that fact should have been alleged. The language is clearly as emphatic in regard to carrying on the business in the territory which is not under local option. So, if appellant was carrying on his business where the local option law was not in force that fact should be alleged. The punishment could be entirely different, and is different so far as the punishment by fine is concerned. The minimum

punishment ·for selling ·spirituous and vinous liquors in a non local· option territory could not be less than $450, where the ·county requires, payment of the tax; whereas in a local option territory, the minimum punishment would be $200 if only the State tax was to be paid and $300 if the county had levied a tax of $100. And in an anti-local option territory, where malt liquor alone is sold, the minimum punishment would be $50, if only the State tax was imposed, or a total of $75 if the county tax was imposed; whereas in a local option territory it could not be less than $200 for the State tax alone. The Legislature has seen proper to use the language employed in article 5060a in distinguishing this territory, and in levying a different tax under the circumstances stated, and having done so, it is incumbent on the pleader to state the necessary ingredients of the offense to bring it within the terms of the law.

The indictment is also fatally defective in that it fails to allege that "medicated bitters were capable of producing inoxication." This is made a part of the law by the article above cited. See also article 411a, Penal Code.

The other point is also well taken, that the indictment should have charged that appellant was selling in quantities of a gallon or less, or quantities of a gallon or more, as the facts justify. There seems to be no law in this State limiting the right to pursue this business of selling intoxicants in quantities of a quart or less, or a quart or more. We are of opinion the indictment is fatally defective, and the motion in arrest of judgment should have been sustained.

The State was permitted to prove the sale of other intoxicants than medicated bitters. One witness testified that he bought what he took to be diluted alcohol. This was error. If there should be another trial the law in regard to mistake of fact should be charged, if the facts should be as here presented.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*